Rec # 15060031264

29

Complaint

# UNITED STATES DISTRICT COURT

## for the

### Eastern District of Michigan

Southern D

Case:4:22-cv-13067
Judge: Kumar, Shalina D.
MJ: Altman, Kimberly G.
Filed: 12-19-2022 At 02:30 PM
CMP VYLETEL V UNIVERSITY OF MICHIGAN-DEARBORN (LG)

Matthew P. Vyletel )
                    )
_Plaintiff_         )
                    )
-v-                 )
                    )
University of Michigan-Dearborn )
                    )
_Defendant(s)_      )
                    )
                    )
                    )
                    )
                    )

Jury Trial *(check one)*:  [ X ] Yes   [ ] No

Judge: _____

M. Judge: _____

VIA M. VYLETEL

DEC 19 2022

Signature: _____

Date: _____

Complaint

## I-The Parties to This Complaint

### A. The Plaintiff(s)

#### 1. Plaintiff #1 - Primary

| Name | Matthew P. Vyletel |
|---|---|
| Street Address | 2417 Bunker Hill Rd |
| City and County | Ann Arbor, Washtenaw |
| State and Zip | MI, 48105 |
| Telephone # | (734)660-6948 |
| E-mail Address | vyletel.matt@gmail.com |

#### 1. Plaintiff #1 - Secondary

| Name | Matthew P. Vyletel |
|---|---|
| Street Address | 3855 Green Brier Blvd (327A) |
| City and County | Ann Arbor, Washtenaw |
| State and Zip | MI, 48105 |
| Telephone # | (734)660-6948 |
| E-mail Address | vyletel.matt.legalrelated@gmail.com |

A total of 2 copies should be sent to the plaintiff. 1 to each address.

### A. The Defendant(s)

#### 1. Defendant #1 - Primary

| Name | University of Michigan - Dearborn |
|---|---|
| Street Address | 1109 Geddes Ave. (Suite 3300) |
| City and County | Ann Arbor, Washtenaw |
| State and Zip | MI, 48109 |
| Attn | David Masson (Suite 2300) |
| E-mail Address | dmasson@umich.edu |
| | |

## II. BASIS FOR JURISDICTION

## JURISDICTION

This action arises pursuant to 42U.S.C.A.§1983 and 42U.S.C.A.§1985, which

specifically confers jurisdiction on this court. The amount in question exceeds

$75,000. Venue is the U.S. District Court for the Eastern District of Michigan

Southern Division. The basis for jurisdiction is federal question. The federal

statues and provisions under the United States Constitution are; 42U.S.C.A.§1983,

42U.S.C.A.§1985, 1st Amendment rights, and 42U.S.C.A.§2000a, and via tort.

## AMOUNT IN QUESTION

Damages are over $10,000,000. Relief can be granted via 42U.S.C.A.§1983,

42U.S.C.A.§1985, and via tort. Damages are economic and compensatory

damages. The bans from FSAE were extended to my classwork, damaged my gpa,

damaged my reputation, caused emotional distress, and loss of enjoyment of life.

By impacting my gpa I suffer from loss of future wages. I also seek damages from

physical pain and suffering, mental anguish, fright, shock, embarrassment,

humiliation, mortification, damage to reputation, disruption of personal life, loss of

enjoyment of the ordinary pleasures of living.

# III. STATEMENT OF CLAIM

## PARTIES AND KEY INDIVIDUALS

1. Plaintiff incorporates by reference the previous information & the *Exhibits of the Complaint.*

2. Plaintiff is Matthew P. Vyletel and at all times mentioned was a citizen of the United States. He resides in Ann Arbor, Washtenaw which is within the territorial limits of the U.S. District Court for the Eastern District of Michigan.

3. Defendant is/are the University of Michigan – Dearborn.

4. Eric Kirk ("Eric"), University of Michigan – Dearborn ("UMD") staff whose title was "CECS Director of Facilities and Laboratory Safety" who is white and of male sex.

5. Shawn Simone (Asst. Director, Manufacturing Systems and Engineering Lab, staff, UMD, white, male)

6. Kyoung Hyun Kwak (professor, UMD, Asian nationality, male).

Complaint

# STATEMENT OF CLAIM

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates by reference the previous information & the *Exhibits of the Complaint.*

8. On Friday, November 8, 2019 I received an email from Shawn Simone notifying me that the suspension was still in effect. He noted that not only was I banned from IAVS and MSEL, 2 UofM-Dearborn ("UMD") buildings, but I was banned from the use of the machines within as well.

9. UMD entered into a conspiracy to take the bans handed down to me in FSAE and apply them to my class work. The email mentioned above alerted me of the conspiracy which would deprive me of my 1st amendment rights and the rights provided by 42U.S.C.A.2000a (prohibition of discrimination).

10. Shortly after Shawn's email, Eric Kirk enforced the ban confirming Shawn's statements. depriving me of my 1st amendment rights and the rights provided by 42U.S.C.A.2000a (prohibition of discrimination).

11. UMD deprived me of my 1st amendment rights and rights provided by 42U.S.C.A.2000a (prohibition of discrimination).

12. At this period in time I was still extremely depressed due to the damage of 3000+ hours of work product, the damage to my reputation, and the

complete loss of social life due to the FSAE ban and the email that was sent
to students portraying me in false light.

13. For senior design I was unable to construct a prototype of part of my design
due to the MSEL ban.

14. For senior design I was unable to use the machines in MSEL to construct a
prototype of part of my design.

15. For Fluids Lab 2, I was unable to complete the final project due to the
MSEL ban.

16. For Fluids Lab 2, I was unable to complete the project due to the machine
use ban.

17. As a result of the ban my gpa was injured as I was not able to meet
assignment requirements.

18. As a result of the ban I was embarrassed and humiliated in front of
professors.

19. The ban injured my reputation.

20. As a result of the bans I suffered from further; mental anguish, fright, shock,
mortification, disruption of personal life, loss of enjoyment of the ordinary
pleasures of living over my gpa and reputation.

21. I hired a lawyer on 5/4/22. He charged $450/hr and required $7,500 retainer.
I presented him with the email in EXHIBIT #05. He has not produced a

single court document for me to this day. This delayed the suit by about 7

months.

22. I've included the exhibits referenced to support the claims, as permitted by

Fed. Civ.R.10(c) and Local Court Rule 2.113(C)(1).

Complaint

## COUNT I

### 42U.S.C.A.1985(3) – 42U.S.C.A.2000a Violation

23. Plaintiff incorporates by reference the previous paragraphs & the *Exhibits of the Complaint.*

24. UMD entered into conspiracy to discriminate against me by preventing me from entering MSEL and from using the equipment in MSEL (shown in EXHIBIT #0x. Also in EXHIBIT #0x which is more convenient to follow). They notified me and 1 of my current professors of the conspiracy and enforced it shortly after.

25. A discriminatory motivation behind the ban was my age (about 4 years older than average).

26. The defendants violated my 42U.S.C.A.2000a rights (EXHIBIT #0x) to peacefully assemble by preventing me from entering IAVS & MSEL. Eric's actions in EXHIBIT #0x (EXHIBIT #0x, email 1.04) enforcing the ban was the act of furtherance.

27. As a result of the ban I was not able to meet project requirements which injured my gpa when I received my final grades for the semester.

28. As a result of the ban my reputation was injured.

29. The ban resulted in physical pain and suffering. As a result of the bans I was driven further into depression. This resulted in lack of energy and motivation to work out. As a result, my muscle mass deteriorated resulting in notable pain from my bulging discs. Differences in my body are shown in EXHIBIT #0x & EXHIBIT #0x.

30. As a result of the ban I also suffered; mental anguish, fright and worry over my gpa and reputation, shock, embarrassment, humiliation, mortification, disruption of personal life, loss of enjoyment of the ordinary pleasures of living.

31. If not for the ban inflicted on 11/8/19 injury would not have occurred.

32. 3 elements need to be proven pursuant to 42U.S.C.A.1985(3). 1st is a conspiracy (2 or more people involved). Shawn notes in the 1st email (EXHIBIT #0x, see email 1.01. EXHIBIT #0x contains the original email) there was a conspiracy to ban me from IAVS, MSEL, and it's machines. The emails also show multiple people were involved (EXHIBIT #0x). 2nd is an act in furtherance. The email from Eric (EXHIBIT #0x, email 1.04. EXHIBIT #0x contains the original email) is the act of furtherance (i.e. enforcement). Banning me from MSEL violated my 1st Amendment rights. 3rd and lastly, injury, which is documented in this count and in the Statement of Facts.

## COUNT II

### 42U.S.C.A.1983- 1st Amendment Violation - IAVS

33. Plaintiff incorporates by reference the previous paragraphs & the *Exhibits of the Complaint.*

34. UMD violated my 1st amendment rights by banning me from IAVS, (shown in EXHIBIT #0x. Also in EXHIBIT #0x which is more convenient to follow). They notified me and 1 of my current professors of the conspiracy and later enforced it (acted in furtherance). The professor also acted in furtherance.

35. A discriminatory motivation behind the ban was my age (about 4 years older than average).

36. The defendants violated my 1st Amendment rights (EXHIBIT #0x) by banning me from IAVS. Eric's actions in EXHIBIT #0x (& EXHIBIT #0x, email 1.04) enforces the ban.

37. As a result of the ban my reputation was injured.

38. The ban resulted in physical pain and suffering. As a result of the bans I was driven further into depression. This resulted in lack of energy and motivation to work out. As a result, my muscle mass deteriorated resulting in notable pain from my bulging discs. Differences in my body are shown in EXHIBIT #0x & EXHIBIT #0x.

39. As a result of the ban I also suffered; mental anguish, fright and worry over my gpa and reputation, shock, embarrassment, humiliation, mortification, disruption of personal life, loss of enjoyment of the ordinary pleasures of living.

40. 3 elements need to be proven pursuant to 42U.S.C.A.1983. 1st is identification of acting entity(s). Per emails, multiple UMD personnel (staff and faculty) were involved, therefore acting entity is UMD. 2nd is an event depriving me of my rights. Banning me from IAVS violated my rights. The email from Eric (EXHIBIT #0x, EXHIBIT #0x email 1.04) is the act of furtherance (i.e. enforcement). 3rd and lastly, injury, which is documented in this count and in the Statement of Facts (damage to reputation, physical pain & suffering, greater depression, and more).

## COUNT III

### 42U.S.C.A.1983- 1st Amendment Violation - MSEL

41. Plaintiff incorporates by reference the previous paragraphs & the *Exhibits of the Complaint.*

42. UMD violated my 1st amendment rights by banning me from MSEL, (shown in EXHIBIT #0x. Also in EXHIBIT #0x which is more convenient to follow). They notified me and 1 of my current professors of the conspiracy and later enforced it (acted in furtherance). The professor also acted in furtherance.

43. A discriminatory motivation behind the ban was my age (about 4 years older than average).

44. The defendants violated my 1st Amendment rights (EXHIBIT #0x) by banning me from MSEL. Eric's actions in EXHIBIT #0x (& EXHIBIT #0x, email 1.04) enforces the ban.

45. As a result of the ban my reputation was injured.

46. The ban resulted in physical pain and suffering. As a result of the bans I was driven further into depression. This resulted in lack of energy and motivation to work out. As a result, my muscle mass deteriorated resulting in notable pain from my bulging discs. Differences in my body are shown in EXHIBIT #0x & EXHIBIT #0x.

47. As a result of the ban I also suffered; mental anguish, fright and worry over my gpa and reputation, shock, embarrassment, humiliation, mortification, disruption of personal life, loss of enjoyment of the ordinary pleasures of living.

48. 3 elements need to be proven pursuant to 42U.S.C.A.1983. 1st is identification of acting entity(s). Per emails, multiple UMD personnel (staff and faculty) were involved, therefore acting entity is UMD. 2nd is an event depriving me of my rights. Banning me from MSEL violated my rights. The email from Eric (EXHIBIT #0x, EXHIBIT #0x email 1.04) is the act of furtherance (i.e. enforcement). 3rd and lastly, injury, which is documented in this count and in the Statement of Facts (damage to reputation, physical pain & suffering, greater depression, and more).

## COUNT IV

### 42U.S.C.A.1983- 42U.S.C.A.§2000a Violation - IAVS

49. Plaintiff incorporates by reference the previous paragraphs & the *Exhibits of the Complaint.*

50. The defendants violated my 42U.S.C.A.§2000a rights (EXHIBIT #0x) by banning me from IAVS. Eric's actions in EXHIBIT #0x (& EXHIBIT #0x, email 1.04) enforces the ban.

51. A discriminatory motivation behind the ban was my age (about 4 years older than average).

52. As a result of the ban my reputation was injured.

53. The ban resulted in physical pain and suffering. As a result of the bans I was driven further into depression. This resulted in lack of energy and motivation to work out. As a result, my muscle mass deteriorated resulting in notable pain from my bulging discs. Differences in my body are shown in EXHIBIT #0x & EXHIBIT #0x.

54. As a result of the ban I also suffered; mental anguish, fright and worry over my gpa and reputation, shock, embarrassment, humiliation, mortification, disruption of personal life, loss of enjoyment of the ordinary pleasures of living.

55.3 elements need to be proven pursuant to 42U.S.C.A.1983. 1st is

identification of acting entity(s). Per emails, multiple UMD personnel (staff

and faculty) were involved, therefore acting entity is UMD. 2nd is an event

depriving me of my rights. Banning me from IAVS violated my rights. The

email from Eric (EXHIBIT #0x, EXHIBIT #0x email 1.04) is the act of

furtherance (i.e. enforcement). 3rd and lastly, injury, which is documented in

this count and in the Statement of Facts (damage to reputation, physical pain

& suffering, greater depression, and more).

Complaint

## COUNT V

### 42U.S.C.A.1983- 42U.S.C.A.§2000a Violation - MSEL

56. Plaintiff incorporates by reference the previous paragraphs & the *Exhibits of the Complaint*.

57. The defendants violated my 42U.S.C.A.§2000a rights (EXHIBIT #0x) by banning me from MSEL.

58. A discriminatory motivation behind the ban was my age (about 4 years older than average).

59. As a result of the ban my reputation was injured.

60. As a result of the ban my gpa was injured.

61. Date of initiation of injury regarding my grades that semester would be 12/23/19. That semester , the last day of exams occurred on 12/20/19. Grades would be final the following Monday on 12/23/19.

62. The ban resulted in physical pain and suffering. As a result of the bans I was driven further into depression. This resulted in lack of energy and motivation to work out. As a result, my muscle mass deteriorated resulting in notable pain from my bulging discs. Differences in my body are shown in EXHIBIT #0x & EXHIBIT #0x.

63. As a result of the ban I also suffered; mental anguish, fright and worry over my gpa and reputation, shock, embarrassment, humiliation, mortification,

disruption of personal life, loss of enjoyment of the ordinary pleasures of

living.

64.3 elements need to be proven pursuant to 42U.S.C.A.1983. 1st is

identification of acting entity(s). Per emails, multiple UMD personnel (staff

and faculty) were involved, therefore acting entity is UMD. 2nd is an event

depriving me of my rights. Banning me from MSEL violated my rights. The

email from Eric (EXHIBIT #0x, EXHIBIT #0x email 1.04) is the act of

furtherance (i.e. enforcement). 3rd  and lastly, injury, which is documented in

this count and in the Statement of Facts (damage to reputation, physical pain

& suffering, greater depression, and more).

## COUNT VII

### Negligence - Ban

65. Plaintiff incorporates by reference the previous paragraphs & the *Exhibits of the Complaint.*

66. The defendants were negligent by banning me from IAVS, MSEL, & the machines in MSEL.

67. To be amended.

Complaint

## COUNT VIII

### Negligence – Notifying Prof. Regarding Ban

68. Plaintiff incorporates by reference the previous paragraphs & the *Exhibits of the Complaint.*

69. To be amended.

## COUNT IX

### Negligence - Emails

70. Plaintiff incorporates by reference the previous paragraphs & the *Exhibits of the Complaint.*

71. The defendants were negligent by including my professor in the email regarding the ban.

72. (**1. Duty**) Staff, 1st and foremost, has a duty not to violate statutes and rights, has a duty not to interfere with course requirement, and not to present students in false or misleading light (suggesting I had done something wrong).

   (**a. Foreseeability of Harm & Certainty of Injury**) it can easily be concluded, with a high degree of certainty, that multiple people placing me in a negative light would have negative impact and cause injury. Shawn specifically mentions he left students off the email as "the information is sensitive."

   (**b. Existing Relationship**) I had worked with Eric very closely for over a year when I was handling all or most of the FSAE teams administrative matters. I had also worked with Shawn for about a year or more in regards to the FSAE teams manufacturing and machine capability needs.

(**c. Conduct-Injury Connection**) The conduct directly caused the injury. The email conversation took place in a matter of hours and the professor's response immediately indicates bias.

(**d. Moral Blame**) Moral blame lies with the initiating party as they included the professor in the email and portrayed me in negative light.

(**e. Policy Preventing Harm**) Constitutional rights, federal statute and state law exist to prevent this from happening.

73.(**2. Standard of Care**) any reasonable person understands it's important to follow rules (laws) and in an academic setting not influence the grade an individual receives or the reputation of the individual (as portraying a negative light creates bias which then negatively influences grade). Violating law is a breach of standard of care in itself. Including a current professor in the initial email then confirming and enforcing the ban (again including the professor) further breaches that standard of care.

74.(**3. Cause in Fact**) After receiving notice of the ban, the professor immediately became bias against me. So much so that he responded in acknowledgement of the ban and attempted to point me to an incorrect path. The conduct of the 2 UMD staff members in their emails resulted in the professors bias. Without the emails portraying me in negative light, the professor would not have become bias. UMD Staff had a duty to adhere to

State and Federal law. Furthermore, they have a duty not to interfere with coursework or faculty to insure gpa isn't influenced by them. 3rd and lastly, they have a duty to not present me in a misleading, negative light. The UMD staff members breached duty in 3 different ways which resulted in injury.

75. (**4. Proximate Cause**) It can be easily predicted that an email to a professor portraying me in negative light would impact the professors negatively impact my gpa. In fact, Shawn specifically mentions he left students off the email as "the information is sensitive." Furthermore, the nature of the negative light was substantial and suggested I had done something the resulted in me being ban from 2 buildings and machine usage. It can easily be concluded that the negative light and the magnitude of the negative light, supported by multiple UMD staff, would bias anyone aware of it against me.

76. (**5. Damages**) As a result of the emails the professor was bias against me for the remainder of the semester, openly disagreed with me when presenting the final project, which resulted in damage to my gpa. Furthermore, the emails portraying me in negative light to UMD Faculty caused further depression, emotional distress, stress, worry, mental anguish, fright, shock, embarrassment, humiliation, mortification, disruption of personal life, loss of enjoyment of the ordinary pleasures of living. Grades became final on 12/23/19.

Complaint

## COUNT X

### Misrepresentation - Ban

77. Plaintiff incorporates by reference the previous paragraphs & the *Exhibits of the Complaint.*

78. To be amended.

## COUNT XI

## INVASION OF PRIVACY – PUBLICATION - Ban

79. Plaintiff incorporates by reference the previous paragraphs & the *Exhibits of the Complaint.*

80. To be amended.

Complaint

## COUNT XII

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS - Ban

81. Plaintiff incorporates by reference the previous paragraphs & the *Exhibits of the Complaint*.

82. To be amended.

## RELIEF

Plaintiff incorporates by reference the previous information. I seek the following

relief;

$10,000,000+ (subject to change)

## CERTIFICATE OF SERVICE

**\*\*\***

I certify that on this date a copy of *Complaint02* was served on;

University of Michigan - Dearborn
1109 Geddes Ave. (Suite 3300), Ann Arbor, MI 48109
**Attn**: David J. Masson (Suite 2300), Sr. Assoc. General Counsel
          Phone: 734-764-0304


via the following method: US Mail.

VIA M. VYLETEL'

DEC 19 2022

Date Served: _____

_____
Matthew P. Vyletel

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Matthew P. Vyletel

**(b)** County of Residence of First Listed Plaintiff   **WASHTENAW**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Matt Vyletel in Pro Se, 2417 Bunker Hill Rd., Ann Arbor, MI 48105
734-660-6948

## DEFENDANTS

University of Michigan - Dearborn

Case:4:22-cv-13067
Judge: Kumar, Shalina D.
MJ: Altman, Kimberly G.
Filed: 12-19-2022 At 02:30 PM
CMP VYLETEL V UNIVERSITY OF MICHIGA
N-DEARBORN (LG)

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### CIVIL RIGHTS
- [x] 440 Other Civil Rights
- [x] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

### PRISONER PETITIONS

**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### INTELLECTUAL PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42USC1983, 42USC1985, 1st Amendment, 42USC2000a, torts

Brief description of cause:
Multiple counts involving; 1st Amendment, 42USC2000a, 42USC1983, 42USC1985, torts

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
9,999,999+

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   DEC 1 9 2022

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## PURSUANT TO LOCAL RULE 83.11

1.        Is this a case that has been previously dismissed?

    ☐ Yes
    ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2.        Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)

    ☒ Yes
    ☐ No

If yes, give the following information:

Court: _Fed. D.C._

Case No.: _2:22 - cv - 12744_

Judge: _Hon. Matthew F. Leitman / Hon. Sean F. Cox_   12/19/22

Notes : _Matt Vylcetel_