UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW P. VYLETEL,

                    Plaintiff,                         Civil Action No. 22-13067

v.                                                     Matthew F. Leitman
                                                       United States District Judge

UNIVERSITY OF MICHIGAN-DEARBORN,                       David R. Grand
                                                       United States Magistrate Judge

                    Defendant.
_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS (ECF No. 21)

In early 2019, *pro se* plaintiff Matthew Vyletel ("Vyletel") was a student at the University of Michigan and part of an automotive student team. In late-February/early-March 2019, Vyletel was removed from the team and then banned from certain university facilities. In the operative complaint in the instant case, Vyletel alleges that, on November 8, 2019, he received an e-mail "notifying him that the [ban] was still in effect …." (ECF No. 12, PageID.77). Vyletel refers to this e-mail as "the 2nd ban." (*Id.*). More than three years later, on December 19, 2022, Vyletel commenced the instant action against the University of Michigan-Dearborn[1] – one of his few lawsuits against various UM entities

_____

[1] Currently named as defendants in this action are both the University of Michigan-Dearborn and the Regents of the University of Michigan. (ECF No. 12, PageID.74). However, these defendants are one and the same, as the 1963 Michigan Constitution, Article VIII, § 5 established the Regents of the University of Michigan as the body corporate of the University of Michigan. And, in turn, pursuant to statutory authority, the Regents created the University of Michigan-Dearborn. For ease of reference, these entities will be referred to interchangeably herein as UM.

and employees stemming from the same operative set of facts.

In his amended complaint, Vyletel essentially contends that his removal from the team and his ban from certain UM buildings was the product of a "conspiracy" against him, violated his rights under the United States Constitution and other federal laws, and caused him to suffer emotional, reputational, and other harms.  (ECF No. 12).  He brings the bulk of his claims against UM under 42 U.S.C. §§ 1983 and 1985(3), but also asserts claims under 42 U.S.C. § 2000a, which prohibits public accommodations from discriminating "on the ground of race, color, religion, or national origin."  (*Id.*).  Finally, Vyletel asserts various state law tort claims.  (*Id.*).

On January 30, 2023, UM filed a motion to dismiss Vyletel's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6), arguing that these claims are barred by both the Eleventh Amendment and the applicable three-year statutes of limitations.  (ECF No. 21).  Vyletel filed a response to this motion on February 13, 2023 (ECF No. 25), and UM filed a reply on February 27, 2023 (ECF No. 27).[2]

An Order of Reference was entered on January 18, 2023, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. § 636(b).  (ECF No. 14).  Having reviewed the pleadings and other papers on file, the Court finds that the facts and legal issues are adequately presented in the parties' briefs and on the record, and it declines to order a hearing at this time.

---

[2] On March 13, 2023, Vyletel filed an unauthorized "response" to UM's reply brief.  (ECF No. 28).  Although the Court could strike Vyletel's filing, given that Vyletel is proceeding *pro se*, and for the sake of completeness, the Court will consider the arguments set forth therein.

I.      **RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that UM's Motion to

Dismiss **(ECF No. 21)** be **GRANTED**.

II.     **REPORT**

A.      **Background**

On December 6, 2022, this Court issued a Report and Recommendation ("R&R")

in *Vyletel v. University of Michigan*, Civil Action No. 22-12485 ("*Vyletel I*"), dismissing

Vyletel's claim that his civil rights were violated and he was discriminated against by UM

when he was removed from the university's Formula Society of Engineers ("FSAE") team

and banned from two UM laboratory buildings.  (*Vyletel I*, ECF No. 32).  The defendants

in *Vyletel I* were the University of Michigan and its Regents.  In that R&R, the Court

recommended dismissal of *Vyletel I* based on the fact that Vyletel's sole claim in that case,

for unlawful conspiracy in violation of 42 U.S.C. § 1985, was barred by both the Eleventh

Amendment and the applicable three-year statute of limitations.  (*Id.*).  Vyletel objected to

the R&R, but on March 16, 2023, the Honorable Matthew F. Leitman issued an Order

adopting the R&R and dismissing *Vyletel I* with prejudice.  (*Vyletel I*, ECF No. 37).

In the instant case, Vyletel repackages essentially the same allegations he made in

*Vyletel I*, this time including additional claims and naming as defendants the University of

Michigan-Dearborn and the Regents of the University of Michigan.[3]  *See infra* at 7-8.

---

[3] The Court notes that in the amended complaint Vyletel references his initial "suspension" and "the 1st ban handed down to me in FSAE via UofM[,]" which was the subject of *Vyletel I*.  (ECF No. 12, PageID.77).  He also includes a copy of the March 1, 2019 e-mail which he identifies as the imposing "the 1st ban."  (*Id.*, PageID.128, 130).

Vyletel's amended complaint contains twelve counts, including claims under 42 U.S.C. §§ 1983 and 1985(3), as well as 42 U.S.C. § 2000a, and for various state law torts.  (ECF No. 12).  UM now moves to dismiss Vyletel's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6), alleging that – as in *Vyletel I* – these claims are barred by both the Eleventh Amendment and the applicable three-year statutes of limitations.  (ECF No. 21).  For the reasons set forth below, the Court agrees.

### B.    Standard of Review

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal sufficiency.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]."  *Twombly*, 550 U.S. at 556.  Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief."  *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must accept the factual allegations in the complaint as true.  *Id.*; *see also Erickson v. Pardus*,

4

551 U.S. 89, 94 (2007).  That tenet, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," to prevent a complaint from being dismissed on grounds that it fails to comport sufficiently with basic pleading requirements.  *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6th Cir. 2009).  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers.  *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).  Nonetheless, "[t]he leniency granted to pro se [litigants] ... is not boundless[,]" *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), and "such complaints still must plead facts sufficient to show a redressable legal wrong has been committed[.]" *Baker v. Salvation Army*, No. 09-11424, 2011 WL 1233200, at *3 (E.D. Mich. Mar. 30, 2011).

### C.    Analysis

#### 1.    *Vyletel's Claims Under 42 U.S.C. §§ 1983 and 1985, as well As 42 U.S.C. § 2000a, are Barred by the Eleventh Amendment*

In its motion to dismiss, UM argues that Vyletel's §§ 1983 and 1985 claims, as well as his claim under 42 U.S.C. § 2000a, are barred by Eleventh Amendment immunity.  (ECF No. 21, PageID.188-90).  In its R&R in *Vyletel I*, this Court held that dismissal of Vyletel's § 1985 claim against UM was appropriate on this basis.  (*Vyletel I*, ECF No. 32,

PageID.325).  In adopting the R&R, Judge Leitman agreed, reasoning:

> The Eleventh Amendment "deprives federal courts of subject-matter jurisdiction when a citizen sues his own State unless the State waives its immunity or Congress abrogates that sovereign immunity." *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984)).  Both the University and its Board of Regents are protected by the Eleventh Amendment.  *See Estate of Ritter by Ritter v. University of Michigan*, 851 F.2d 846, 850-51(6th Cir. 1988) ("We conclude that the Eleventh Amendment does apply and the Board [of Regents] is entitled to claim this immunity."); *Lipian v. Univ. of Michigan*, 453 F. Supp. 3d 937, 954 (E.D. Mich. 2020) ("The University of Michigan is a department of the government of the State of Michigan and is thus protected by the Eleventh Amendment."). Moreover, the State of Michigan has not consented to being sued in civil rights actions in federal courts, *Abick v. Michigan*, 803 F.2d 974, 877 (6th Cir. 1986), and Congress has not abrogated Eleventh Amendment immunity from claims under 42 U.S.C. § 1985.  *See, e.g., Sykes v. U.S.*, 507 Fed. App'x 455, 462 (6th Cir. 2012) (holding that University of Cincinnati enjoyed Eleventh Amendment immunity from claim brought under 42 U.S.C. § 1985).  For all of these reasons, the Court concurs with the Magistrate Judge's conclusion that the Eleventh Amendment confers upon the Defendants immunity from Vyletel's claim.

(*Vyletel I*, ECF No. 37, PageID.426-27).

The same is true here with respect to Vyletel's claim under § 1985, as well as his claims under 42 U.S.C. § 1983 and 42 U.S.C. § 2000a.  *See Ritter*, 851 F.2d at 850-51 (§ 1983 claim barred by Eleventh Amendment immunity); *Leonard v. Ohio Civil Rights Commission*, No. 1:21cv1217, 2021 WL 4245034, at *2 (N.D. Ohio Sept. 17, 2021) (Eleventh Amendment bars claim under 42 U.S.C. § 2000a).  Thus, for the reasons set forth in the prior rulings in *Vyletel I*, as well as the additional case law cited above, Vyletel's

claims against UM under 42 U.S.C. §§ 1983 and 1985, as well as under 42 U.S.C. § 2000a,[4] are barred by Eleventh Amendment immunity and should be dismissed.

2.      *Vyletel's Claims also are Barred by the Statute of Limitations*

UM also argues that Vyletel's § 1983, § 1985, and state law claims are time-barred. (ECF No. 21, PageID.195-96).  The Sixth Circuit has held that the statutes of limitations for actions brought under 42 U.S.C. §§ 1983 and 1985 are the most analogous state statute of limitations for personal injury claims.  *See Bowden v. City of Franklin, Ky.*, 13 F. App'x 266, 272 (6th Cir. 2001).  The Sixth Circuit has specifically held that, in Michigan, actions for damages under §§ 1983 and 1985 are governed by Michigan's three-year statute of limitations for personal injury claims.  *See, e.g., Dabish v. McMahon*, 818 F. App'x 423, 427 (6th Cir. 2020).  Similarly, Vyletel's state law tort claims are subject to a three-year statute of limitations.  *See* M.C.L. § 600.5805(1).

In *Vyletel I*, the Court held that Vyletel's claims – which stem from the same operative set of facts at issue in this case – accrued on March 1, 2019, when he was banned from two UM buildings and removed from the FSAE team.  In his amended complaint in this case, however, Vyletel argues that a November 8, 2019 email reminding him that the original ban was still in effect constitutes a "2nd Ban" that "is different from the 1st."  (ECF No. 12, PageID.77).  He also contends that this "2nd Ban" "was the 1st ban enforced by

---

[4] Additionally, Vyletel fails to state a claim under 42 U.S.C. § 2000a.  As noted above, that statute prohibits public accommodations from discriminating "on the ground of race, color, religion, or national origin."  42 U.S.C. § 2000a(a).  In his amended complaint, however, Vyletel alleges that he was banned from UM buildings because of his *age*.  (ECF No. 12, PageID.86, 90, 92, 94).  Because age is not a protected class under 42 U.S.C. § 2000a, this claim fails as a matter of law.

UMD [the University of Michigan-Dearborn] [and] involved only UMD [University of Michigan-Dearborn] personnel." (*Id.*).   In other words, Vyletel's instant claims are premised on an assumption that the "2nd ban" gives rise to new and distinct claims that accrued on November 8, 2019.

While the Court rejects the notion that the November 8, 2019 email constitutes an independent wrongful act that is separate from the initial March 2019 ban,[5] even if the Court were to construe it as such, Vyletel's claim based on that email would still be subject to dismissal because he filed his complaint in the instant case on December 19, 2022, which is more than one month after the three-year statute of limitations would have expired.   Thus, Vyletel's claims are barred by the applicable statutes of limitations and should be dismissed on that basis too.[6]

---

[5] In adopting the R&R in *Vyletel I*, Judge Leitman specifically rejected this argument.  (*Vyletel I*, ECF No. 37, PageID.428-29) ("Vyletel counters that he suffered a separate, additional injury that occurred on November 8, 2019, when the University sent him an email that implemented 'a new ban (2nd ban) with different terms.' [].  However, as Defendants point out in their Response, the University did not take any new actions on November 8, but instead simply sent Vyletel an email referring to the ban it instituted on March 1 and confirming that that ban was still in place.  [] That email did not restart the limitations period.").  Moreover, although Vyletel's claims are premised on his assertion that the "2nd ban" was imposed only by University of Michigan-Dearborn, UM has aptly explained the University of Michigan-Dearborn has "no separate corporate identity from the Regents."  (ECF No. 21, PageID.185) (citing Michigan Constitution Article 8 §5 and M.C.L. 390.3, 390.4, and 390.18).

[6] In his response briefs, Vyletel seeks to avoid dismissal of his claims by alleging that they accrued on December 20, 2019, the date he received his final grades, which he alleges were negatively affected by the 2nd Ban.  (ECF No. 25, PageID.219; ECF No. 28, PageID.263).  It appears, then, that Vyletel is arguing that the continuing violation doctrine applies to his claim.  (E.g., ECF No. 28, PageID.263) (referencing an alleged "Continuing violation/deprivation").  But Judge Leitman explicitly rejected this argument in *Vyletel I*, holding that the alleged harm – Vyletel's removal from the FSAE team and his inability to access certain UM buildings – arose from a single alleged act, and that merely because "the consequences of that single act may continue to impact Vyletel is not enough to invoke the continuing violation doctrine."  (*Vyletel I*, ECF No. 37, PageID.429).

## III.    CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that UM's Motion to Dismiss **(ECF No. 21)** be **GRANTED**.

Dated: March 23, 2023                                    s/David R. Grand
Ann Arbor, Michigan                                     DAVID R. GRAND
                                                        United States Magistrate Judge

## <u>NOTICE TO THE PARTIES REGARDING OBJECTIONS</u>

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir.1981).  The filing of objections that raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.  A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P.

---

For these reasons, Vyletel's attempts to circumvent the applicable statutes of limitations are without merit.

72(b)(2); 28 U.S.C. § 636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 23, 2023.

s/Marlena Williams
for EDDREY O. BUTTS
Case Manager

10